# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERITA BIVENS,<br><br>　　　　　　　　Petitioner,<br>vs.<br>SUSAN POOLE, et al.,<br><br>　　　　　　　　Respondents. | CASE NO. 02CV2386 BTM (RBB)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RELIEF [Doc. #68]** |

　　　On August 21, 2007, Petitioner, a California state prisoner proceeding pro se, filed a motion for relief from the prior judgment of this Court. In August 2005, this Court had entered judgment overruling Petitioner's objections and adopting the Magistrate Judge's Report & Recommendation denying Petitioner's habeas corpus petition. The Court granted a certificate of appealability as to only one of Petitioner's claims. Petitioner timely filed a notice of appeal, but her appeal was dismissed by the Ninth Circuit Court of Appeals in April 2006 for failure to perfect the appeal.

　　　In her recently filed motion, Petitioner requests that the Court: (1) grant her *de novo* review of the Magistrate Judge's Report and Recommendation on the ground that the Supreme Court has recently issued a decision which establishes an automobile passenger's standing to challenge a stop and seizure of the automobile; and (2) grant her permission to appeal *nunc pro tunc*, *in forma pauperis*, as to the one previously certified claim because she did not know of the steps to take to perfect her prior appeal, and these steps were not

explained to her by her attorney at the time. In furtherance of this second request, Petitioner states that she did not even learn that her appeal had been dismissed until August 16, 2007.

Although Petitioner has not identified the basis for the relief requested in her motion, the Court will construe Petitioner's filing as a motion for relief from a final judgment under Federal Rule of Civil Procedure 60(b). Petitioner's motion is deemed timely, as it appears to have been filed within a reasonable time of Petitioner's learning of new facts that caused her to bring this motion. Nonetheless, Petitioner has failed to provide the Court with sufficient reasons to grant her the relief requested.

First, the recent Supreme Court decision, <u>Brendlin v. California</u>, 127 S. Ct. 2400 (2007), has no bearing on this Court's prior decision to deny the petition for habeas relief. The Report and Recommendation concluded, and this Court agreed, that Petitioner's counsel's failure to file a motion to suppress was neither deficient nor prejudicial, and therefore did not render his assistance ineffective, because any such motion would have been denied. However, this determination was not based upon any belief that Petitioner lacked standing to challenge the stop of the vehicle in which she was found at the time of her arrest. Rather, it was based upon the finding that counsel had no reasonable grounds for moving to suppress the evidence seized as a result of that stop. Therefore, Petitioner has failed to show any reason for performing a *de novo* review in light of the recent Supreme Court case.

Second, Petitioner asks this Court to allow her to appeal, *nunc pro tunc* and *in forma pauperis*, on her one previously certified claim. Soon after this Court entered judgment denying her petition in August 2005, Petitioner filed a motion to proceed *in forma pauperis* on appeal. Because she failed to file a prison account certification, that motion was denied without prejudice to re-file before the Ninth Circuit. Petitioner never filed such a motion in the Court of Appeals and her appeal was soon after dismissed for failure to perfect the appeal. Petitioner has provided no reason for this Court to re-examine its prior determination regarding Petitioner's *in forma pauperis* status on appeal.

In addition, while Petitioner claims that she did not know of the steps she was

supposed to take to perfect her appeal and that her attorney did not explain them to her, the Court is not permitted to revise its prior judgment in an effort to subvert the Ninth Circuit's rules regarding the timeliness of appellate procedures. The propriety of Petitioner's excuse for failing to perfect her appeal is an issue for the Ninth Circuit to decide. <u>See, e.g.</u>, <u>United States v. Sadler</u>, 480 F.3d 932, 940 (9th Cir. 2007) ("We, not the district court, are the ultimate arbiters of compliance with the rules governing the appellate process."). In a case presenting similar facts to those presently before the Court, the Fifth Circuit affirmed a district court's order denying 60(b) relief to a habeas petitioner whose counsel had neglected to perfect his appeal. <u>Lancaster v. Presley</u>, 35 F.3d 229 (5th Cir. 1994). The Fifth Circuit explained its decision accordingly:

> Appellant is the victim of counsel who *improperly filed* an appeal; and then allowed the time to perfect the appeal to lapse. As a result of counsel's neglect, this Court dismissed Appellant's appeal for failure to prosecute, and subsequently denied his motion for enlargement of time to file the brief.
>
> In effect, Lancaster asks the district court to use Rule 60(b)(6) to overturn this Court's dismissal of his appeal. Quite obviously, the district court lacks jurisdiction to overturn an order of this Court. Rule 60(b)(6) was not intended as a remedy for all wrongs, and certainly does not confer super-appellate jurisdiction on the district court.

<u>Lancaster</u>, 35 F.3d at 232. For those same reasons, this Court cannot grant Petitioner's requested relief. Petitioner remains free to file a motion for relief directly to the Ninth Circuit, under Federal Rule of Appellate Procedure 27, requesting that the mandate be withdrawn and allowing her to reopen her appeal.

For the reasons discussed above, the Court **DENIES** Petitioner's motion for relief from its prior judgment without prejudice to Petitioner to seek relief in the appellate court.

**IT IS SO ORDERED.**

DATED: September 17, 2007

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge